UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TINA LYNNE WAGONER,

        Plaintiff,

-v-

STEPHEN CIOCCA, et al.,

        Defendants.

_____

**ORDER**

1:16-CV-00755 EAW

Plaintiff Tina Lynne Wagoner ("Plaintiff"), a prisoner confined at the Bedford Hills Correctional Facility, has filed this *pro se* action pursuant to 42 U.S.C. § 1983, asserting various violations of her constitutional rights. (Dkt. 1). Plaintiff did not prepay the filing and administrative fees in the amount of $400.00. Although Plaintiff submitted a motion to proceed *in forma pauperis*, that motion does not include a completed and signed Prison Certification. (Dkt. 2 at 2).

For the reasons discussed below, this action is administratively closed without prejudice with the right to re-open upon either: (1) the filing of a motion to proceed *in forma pauperis* that includes a completed and signed Prison Certification pursuant to 28 U.S.C. § 1915(a)(1)-(2); or (2) the submission of the filing and administrative fees totaling $400.00.

- 1 -

## DISCUSSION

The filing fee for a civil action is $350.00, plus an administrative fee of $50.00.[1]
Whenever a "prisoner," *see* 28 U.S.C. § 1915(h), submits a complaint, she must either:
(1) pay the filing fee and administrative fee; or (2) submit a motion to proceed *in forma
pauperis* that includes a Prison Certification, pursuant to 28 U.S.C. § 1915(a)(1)-(2), and
a Prison Authorization form, pursuant to 28 U.S.C. § 1915(b)(1)-(4).

Civil actions brought *in forma pauperis* are governed by 28 U.S.C. § 1915.  The
Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26,
1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial
requirements for prisoners who are attempting to bring a civil action or file an appeal *in
forma pauperis*.

Under the PLRA, a prisoner seeking to bring a civil action *in forma pauperis* must
submit an affidavit or affirmation, including a statement of all assets and liabilities, which
states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner
also must submit a certified copy of her inmate trust fund account statement(s) for the
six-month period immediately preceding the filing of her Complaint.  *Id.* § 1915(a)(2).
The prisoner must obtain this certified statement from the appropriate official of each
correctional facility at which she was or is confined during such six-month period.  The
Court, rather than require a prisoner to obtain a certified copy of her inmate trust fund

---

[1]  Effective May 1, 2013, an additional administrative fee of $50.00 has been added
to the total cost of filing a civil lawsuit in District Court, which brings the total cost to
$400.00.  This additional administrative fee does not apply to prisoners who are granted
permission to proceed *in forma pauperis*.

account statement, permits a prisoner to have prison officials complete and sign a Prison Certification, which is included within the Court's form motion to proceed *in forma pauperis*. The Prison Certification requires prison officials to set forth the information noted in the inmate trust fund account statement as required pursuant to 28 U.S.C. § 1915(a)(2).

The PLRA also requires a prisoner who seeks to proceed *in forma pauperis* to submit a signed Prison Authorization form authorizing the institution in which a prisoner is confined to pay the full $350.00 fee. *Id.* § 1915(b)(1)-(4). Even if the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350.00 filing fee in installments. *Id.* § 1915(b)(1). In each month that the amount in the prisoner's inmate trust account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. *Id.* § 1915(b)(2).

Plaintiff may not have known when she submitted her Complaint that she must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B) (*in forma pauperis* actions); *see also* 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions). If the Court dismisses the case for any

- 3 -

of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, she cannot bring another action *in forma pauperis* unless she is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this action, Plaintiff has not submitted a motion to proceed *in forma pauperis* that includes a completed and signed Prison Certification, 28 U.S.C. § 1915(a)(1)-(2). Thus, before this action can proceed, Plaintiff must submit to the Court (1) a motion to proceed *in forma pauperis* that includes a completed and signed Prison Certification pursuant to 28 U.S.C. § 1915(a)(1)-(2), or (2) the $350.00 filing fee and $50.00 administrative fee ($400.00 total fees).

## CONCLUSION

For the reasons set forth above, the Clerk of Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee. Plaintiff will be granted leave to move to re-open no later than **thirty days from the date of this Order.**[2]

---

[2]     Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of this Order, it is not subject to the statute of limitations time bar if it was originally filed timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996); *see also Williams-Guice v. Bd. of Educ.*, 45 F.3d 161, 163 (7th Cir. 1995).

- 4 -

## ORDER

IT IS HEREBY ORDERED that the Complaint is dismissed, without prejudice;

FURTHER, that the Clerk of Court is directed to send to Plaintiff a form motion to proceed *in forma pauperis*;

FURTHER, that the Clerk of Court shall administratively terminate this case, without filing the Complaint or assessing a filing fee;

FURTHER, that if Plaintiff wishes to reopen this action, she shall so notify the Court, in writing, no later than **thirty days from the date of this Order**. Plaintiff's writing shall include either (1) a motion to proceed *in forma pauperis* that includes a completed and signed Prison Certification, or (2) the $350.00 filing fee and $50.00 administrative fee ($400.00 total fees); and

FURTHER, that upon Plaintiff's submission of either (1) a motion to proceed *in forma pauperis* that includes a completed and signed Prison Certification, or (2) the $350.00 filing fee and $50.00 administrative fee ($400.00 total fees), the Clerk of Court shall re-open this case.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: September 30, 2016
       Rochester, New York

- 5 -